IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAY 17 2021**

JEFFREY P. COLWELL
CLERK
_____

TRACY ALAN BARNETT _____, Plaintiff

v.

UNITED STATES OF AMERICA / Fed. BOP, et al,
(Federal Bureau of Prisons - BOP)

DR. GEORGE SANTINI - Clinical Director,
(BOP - FCI Englewood)

HECTOR LOZANO - Asst. Hlth. Svc. Admin.,
(BOP - FCI Englewood)

LARRY HUDSON - Health Svc. Admin. _____, Defendant(s).
(BOP - FCI Englewood)

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A.    **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Tracy Alan Barnett, BOP #08201-030
FMC Butner - Unit 4B, P.O. Box 1600, Butner, N.C. 27509
(Name, prisoner identification number, and complete mailing address)

N/A
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___    Pretrial detainee
___    Civilly committed detainee
___    Immigration detainee
___    Convicted and sentenced state prisoner
_X_    Convicted and sentenced federal prisoner
___    Other: (*Please explain*) _____


B.    **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:  United States of America - Fed. Bureau of Prisons
              (Name, job title, and complete mailing address)
              North Central Region, 400 State Ave., Gateway Twr.
              Tower II, 8th Floor, Kansas City, KS. 66101-2492

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*). Briefly explain:

Defendant failed to provide reasonable/timely cancer

treatment which allowed prisoner's cancer to spread.

Defendant 1 is being sued in his/her ___ individual and/or _X_ official capacity.

2

Defendant 2: <u>Dr. George Santini - Clinical Director</u>
(Name, job title, and complete mailing address)
<u>FCI Englewood,</u>
<u>9595 W. Quincy Ave., Littleton, CO. 80123</u>

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*). Briefly explain:

<u>Defendant failed to provide reasonable/timely cancer</u>

<u>treatment which caused months of pain and suffering.</u>

Defendant 2 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 3: <u>Hector Lozano - Asst. Health Services Administrator</u>
(Name, job title, and complete mailing address)
<u>FCI Englewood,</u>
<u>9595 W. Quincy Ave., Littleton, CO. 80123</u>

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*). Briefly explain:

<u>Defendant failed to provide reasonable/timely cancer</u>

<u>treatment which caused months of pain and suffering.</u>

Defendant 3 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 4: See attached page "B" <u>Larry Hudson - Health Svc. Admin.</u>

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_   42 U.S.C. § 1983 (state, county, and municipal defendants)

_X_   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

_X_   Other: (*please identify*) <u>Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq.</u>
<u>28 C.F.R. § 543 - Sub. Pt. C.</u>

3

SECTION B - DEFENDANT(S) INFORMATION - Attachment

Defendant 1: United States of America - Fed. Bureau of Prisons
　　　　　　*(See pg. 2)

Defendant 2: Dr. George Santini - Clinical Director
　　　　　　*(See pg. 3)

Defendant 3: Hector Lozano - Asst. Health Services Administrator
　　　　　　*(See pg. 3)

(Cont. from pg. 3)

Defendant 4: Larry Hudson - Health Services Administrator
　　　　　　(Name, job title, and complete mailing address)
　　　　　　FCI Englewood,
　　　　　　9595 W. Quincy Ave., Littleton, CO. 80123

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? **X** Yes ___ No (check one). Briefly explain:

Defendant failed to provide reasonable/timely cancer treatment which caused months of pain and suffering.

Defendant 4 is being sued in his/her **X** individual and/or **X** official capacity.

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>Violation of Eighth Amendment of U.S. Constitution</u>
<u>-Deliberate indifference to serious medical needs-</u>

Supporting facts:

On June 13, 2019, Plaintiff had to have **emergency** surgery to remove an "advanced ileocolic neoplasm (large cancerous mass)" from his ascending colon, as it was "completely obstructing" his large intestine. On June 18, 2019, biopsy of the mass revealed that the cancer [adenocarcinoma] was in an advanced state (8cm/baseball-sized) and had metastasized by spreading to the lymph nodes, thereby, being classified as Stage III Colon Cancer.

Between January 2019, and June 2019, Plaintiff repeatedly sought medical treatment from BOP staff for severe gut pain, chronic vomiting, and rapid weight loss (55+ lbs/5 months). - However, FCI Englewood staff repeatedly cancelled doctor visits and neglected/ignored the medical complaints from the plaintiff.

Throughout the above time period, FCI Englewood medical staff acted with deliberate indifference to Plaintiff's serious medical needs where medical care was merely cursory and insufficient, staff did nothing to alleviate pain or to meaningfully further medical diagnosis even as Plaintiff was deteriorating (visually apparent weight loss/increasing severe gut pain). - Rather, Plaintiff was left to languish and wither in extreme pain for more than four (4) months as an alien tumor grew in his gut.

But for FCI Englewood medical staff's 1/2 year delay of a timely cancer diagnosis, the cancer would not have had an opportunity to become so "advanced" and would not have been allowed to metastasize and spread to Plaintiff's lymphatic system, which would have negated the need for the chemotherapy treatments. - The resulting chemo treatments have also caused chronic neuropathy in Plaintiff's hands and feet.

It should be noted that Plaintiff was allowed to physically deteriorate to the point that FCI Englewood MLP, Birgit Dyer, had to send Plaintiff to a local hospital Emergency Room [Swedish Medical Center] for emergency care (June 11, 2019). - At that time, Plaintiff was accurately diagnosed with "obvious bowel obstruction" within three (3) hours of arrival.

** <u>See attachment</u> - "D. STATEMENT OF CLAIMS (Cont.)

4

SECTION D - STATEMENT OF CLAIMS - Attachment

CLAIM ONE (Cont.) <u>Violation of Eighth Amendment of U.S. Constitution</u>
                    -Deliberate indifference to serious medical needs-

   Supporting facts:

Plaintiff first started noticing abnormal health symptoms in November/December 2018. - However, Plaintiff waited until January 2019 to seek medical care, as he wanted to make sure that the symptoms were not merely caused by minor or temporary health issues (cold/flu/food poisoning/etc.). - In late January 2018, Plaintiff saw FCI Englewood medical staff [Hector Lozano/Larry Hudson] at the institution "mainline" (M-F 10:30am-12:00pm / food service dining hall entry) to discuss his recent health issue symptoms (vomiting after eating, increasing stomach/gut pain, night chills/sweating, not being able to sleep because of abdominal pain, etc.). - At that time, Plaintiff was advised to go to health care services to sign up for "sick-call."

On February 01, 2019, Plaintiff was seen by institution MLP/FNP, Birgit Dyer, for above medical complaints, and assessment of health issues. - At that time, Plaintiff was told that an appointment would be made for Plaintiff to see the institution doctor, Dr. George Santini, for follow-up review of the symptoms.

However, over the next following weeks, several doctor appointment dates were cancelled and re-scheduled. On February 21, 2019, Plaintiff was seen again by MLP/FNP Dyer, where Plaintiff then complained of increasing pain in lower rt. side of abdomen (approx. in area of the intestinal appendix). - The doctor appointment was again re-scheduled, and Plaintiff was advised to "drink water, take Ibuprofen, and walk the track." - No medication was proscribed for the increasing pain-related issues, and where Plaintiff was indigent he could not buy Ibuprofen from the institution commissary. *Weight drop from 208 to 189lbs

On March 14, 2019, Plaintiff saw institution DO/NCR, Dr. Robert King, who was acting as temporary doctor for FCI Englewood, as the regular institution Clinical Director/doctor, Dr. George Santini, had been on leave. - This was the **first** time that Plaintiff was finally able to speak to a professional MD about his ongoing serious medical issues/needs. - At that time, Plaintiff also requested to be put on a special diet of soft/bland food as he was unable to keep down food served on the regular inmate menu. - No diet change ordered, rather, added "antiacid" to med order where Plaintiff was indigent, however, Plaintiff never received meds ("Mylanta") **See 03-21-19 Health svc. report. *Weight drop to 173lbs.

On March 22, 2019, Plaintiff's <u>**first**</u> scheduled "Appt/Trip" to see outside Gastrointestinal professional was cancelled by FCI Englewood Health Services.

On April 05, 2019, Plaintiff finally saw FCI Englewood Clinical Director, Dr. George Santini, to speak about the above ongoing health issues, after several weeks of canceled appointments. - Plaintiff, again, requested special diet so that he could get some neutrition, and also requested treatment for ongoing abdominal pain. - No diet change ordered, and no pain relief provided. *Weight drop to 168lbs.

SECTION D - STATEMENT OF CLAIMS - Attachment
---

CLAIM ONE (Cont.) <u>Violation of Eighth Amendment of U.S. Constitution</u>
-Deliberate indifference to serious medical needs-

Supporting facts:

At the April 05, 2019, "Clinical Encounter," Plaintiff also told Dr. Santini that, based on the cumulative and increasing symptoms, that he was very highly concerned that he may have developed serious health issues such as "stomach or bowel cancer." - At that time, Plaintiff's (accurate) quasi self-diagnosis was merely discounted and ignored by Dr. Santini.

On April 30, 2019, Plaintiff was, again, seen by institution MLP/FNP, B. Dyer, for the same ongoing symptoms listed above. Within this three (3) month time period [Feb./Mar./Apr.], no meaningful diagnosis had been accomplished, and Plaintiff was left to continue languishing in pain on a daily basis as no pain medication was provided to Plaintiff despite the ongoing growth of the cancerous tumor growing in his small/large intestine (at the intestinal appendix).
*Weight drop to 163lbs.

**"<u>Urgent</u> GI consult" was submitted by institution MLP/FNP, B. Dyer, on March 28, 2019. - However, no consults were ever conducted for medical diagnosis.

On May 01, 2019, FCI Clinical Director, Dr. George Santini, finally requested a CT Scan of Plaintiff's "Abd/Pelvis" for diagnosis of ongoing symptoms.
- However, Plaintiff's outside appointments were repeatedly cancelled.

At the April 30, 2019, "Clinical Encounter," Plaintiff was, again, scheduled for follow-up with the institution Clinical Director, Dr. George Santini.
- However, Plaintiff's doctor visits were all cancelled throughout the month of May 2019.

On several occasions during April 2019, and May 2019, Plaintiff spoke with FCI Englewood Health Services Administration staff, Hector Lozano and Larry Hudson during institution "mainline," and asked why he was not receiving adequate health service care/treatment for his ongoing symptoms, was not given proper medication to alleviate, and was being allowed to wither and deteriorate by FCI Englewood medical staff. - During those "mainline" conversations, both Mr. Lozano, and Mr. Hudson would write down notes on their notepads, then would tell Plaintiff that they would "look into it." - On one occasion in late May 2019, a correctional officer (guard) standing close at "mainline" asked "Jesus Barnett, what's wrong with you? You look like you've got 'the cancer'."

While both Mr. Lozano's and Mr. Hudson's experience and training in the Health Service Administration should have clearly alerted them to Plaintiff's serious medical deterioration and medical needs, neither Mr. Lozano, nor Mr. Hudson did anything to further Plaintiff's medical treatment. -- It is very sad to note that, while an average layperson (the guard standing at mainline) could [correctly] guess Plaintiff's affliction, FCI Englewood medical staff were deliberately indifferent to Plaintiff's serious medical needs.

SECTION D - STATEMENT OF CLAIMS - Attachment
---

CLAIM ONE (Cont.) <u>Violation of Eighth Amendment of U.S. Constitution</u>
             -Deliberate indifference to serious medical needs-

   Supporting facts:

On May 16, 2019, Plaintiff began the BOP Administrative Remedy process where he filed an Informal Resolution Attempt (BP-08) with Housing Unit Manager, Greg Stout. In the BP-08, Plaintiff requested "to be sent out for immediate professional medical treatment, as (Plaintiff) ha(d) not even had (his) medical issue (s) diagnosed, and which the(se) issue(s) may be very serious demanding immediate medical treatment *[stomach cancer / bowel cancer / etc.???]." - The BP-08 further stated that "(Plaintiff's) medical issue(s) have been going on since early January 2019. - In the last 4+ months (Plaintiff) ha(s) not been diagnosed, nor treated, and (Plaintiff) (was) forced to live in near constant stomach/gut pain every day!!!"

The BP-08 response stated that Plaintiff had an "appointment scheduled" for a CT Scan and a gastroenterologist, while it ignored that prior appointments had been cancelled, and that Plaintiff had requested emergent care for his ongoing health issues and related deteriorating physical health.

On May 17, 2019, Plaintiff filed a Formal Request For Administrative Remedy (BP-09) with FCI Englewood Warden, R. Hudgins. In the BP-09, Plaintiff, again, requested "to be sent out for <u>immediate</u> professional medical/health care treatment, so that (he) c(ould) have <u>current</u> medical issues properly diagnosed and treated." - The BP-09 further stated that Plaintiff had repeatedly sought health care since January 2019 for these issues, but that his medical condition had not even been diagnosed and had lost over 1/4 of his body weight (50 lbs.).
-- "Regardless, if my health issue(s) turn out to be serious *[stomach/bowel
    cancer ?], I need to be diagnosed in a **timely** manner, as to avoid early
    death. - This cannot be dragged out."

The BP-09 response from Warden Hudgens was not even signed/dated until June 19, 2019, - The very day Plaintiff was released from the Hospital following the **emergency** cancer surgery. - The response stated that Plaintiff was "currently scheduled with the outside consultant in the very near future," despite that Plaintiff had to have part of his small/large intestine removed due to the much-delayed cancer diagnosis.

On June 07, 2019, Plaintiff was, again, seen by institution MLP/FNP, B. Dyer, for the same ongoing symptoms listed above. At that time, Ms. Dyer had just returned from a multi-week leave from FCI Englewood and seemed shocked that Plaintiff had **still** not been sent out for professional medical consultation or testing. *Weight drop to 152lbs.

On June 11, 2019, institution MLP/FNP, B. Dyer, had Plaintiff sent to a local emergency room [Swedish Medical Center] for emergency health care after another appointment for that day had, AGAIN, been cancelled. - Plaintiff had lost 56 lbs. since December 2018. --- Seriously delayed cancer diagnosis carries very negative consequences. --- Early/reasonably timely diagnosis is essential.

                              Pg. 4"D"(3)

 

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _X_ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

| | |
|---|---|
| Name(s) of defendant(s): | United States of America |
| | Federal Bureau of Prisons (BOP) |
| Docket number and court: | Case No. 18-cv-3219 |
| | U.S. District Court - Colorado |
| Claims raised: | Personal Injury - BOP negligence |
| Disposition: (is the case still pending? has it been dismissed?; was relief granted?) | Plaintiff accepted settlement offer from U.S./BOP |
| Reasons for dismissal, if dismissed: | - Settlement agreement - |
| Result on appeal, if appealed: | N/A |

## F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

　　　_X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

　　　_X_ Yes ___ No (*check one*)

5

## G.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Plaintiff seeks money damages from the United States/Fed. BOP in the amount of $1,000,000.00 (one million dollars) to cover future medical costs related to his much-delayed cancer diagnosis, and for associated physical damages (neuropathy).

Plaintiff additionally seeks money damages from FCI Englewood medical staff in the following amounts:
- Dr. George Santini:  $2,000,000.00 (two million dollars);
- Hector Lozano:       $1,000,000.00 (one million dollars);
- Larry Hudson:        $1,000,000.00 (one million dollars),

for four plus (4+) months of **severe** pain and suffering.

## H.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

06-11-21
(Date)

(Form Revised December 2017)

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| TRACY ALAN BARNETT, | ) | ACTION FOR MONEY DAMAGES |
|     Plaintiff, pro se, | ) | IN SUM CERTAIN |
| | ) | FOR PERSONAL INJURY |
| v. | ) | [28 C.F.R. 14.2(a)] |
| | ) | |
| UNITED STATES OF AMERICA, et al, | ) | Case No. _____ |
|     Respondent. | ) | |

## RELIEF SOUGHT

**COMES NOW**, the plaintiff, Tracy A. Barnett, pro se, who seeks to claim money damages for personal injury received while in custody of the United States Federal Bureau of Prisons (BOP).

## BASIS OF CLAIM

On June 13, 2019, Plaintiff had to have emergency surgery to remove an "advanced ileocolic neoplasm (large cancerous mass)" from his ascending colon, as it was "completely obstructing" his large intestine. On June 18, 2019, biopsy of the mass revealed that the cancer [adenocarcinoma] was in an advanced state and had metastasized by spreading to the lymph nodes, thereby, being classified as Stage 3 colon cancer.

Between January 2019, and June 2019, plaintiff repeatedly sought medical treatment for severe gut pain, chronic vomiting, and 50+ lb. weight loss. - However, FCI Englewood medical staff had repeatedly cancelled doctor visits and neglected the medical complaints from the plaintiff. The resulting Stage 3 cancer diagnosis mandated the need for follow-up chemotherapy in addition to the emergency surgery. - As the cancer diagnosis was delayed for almost half a year, and allowed the cancer to spread, the resulting chemo treatments have also caused neuropathy and likely ongoing/life-long need for future chemotherapy.

<u>Action for Money Damages in Sum Certain for Personal Injury</u>

### CLAIM AMOUNT

Plaintiff is currently incarcerated at the BOP Federal Medical Center in Butner, North Carolina (FMC Butner). As such, he is unable to freely seek outside medical treatment, or to even see an outside medical professional for treatment advise/counseling.

However, where Plaintiff has subsequently developed neuropathy due to the chemo treatments, and will also likely need future chemo treatments **because of** the much-delayed cancer diagnosis, Plaintiff seeks damages from the United States in the amount of $1,000,000.00.

### BOP LIABILITY

The United States/Federal Bureau of Prisons has responsibility to provide for the safety and health care of all inmates in its custody. Under <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), the U.S. Supreme Court found that the elementary principles of the 8th Amendment establish government's obligation to provide medical care for prisoners.

Here, where FCI Englewood medical staff neglected/delayed proper medical care for severe abdominal pain, chronic vomiting, and rapid weight loss ("obvious bowel obstruction symptoms" - S. Nandi, MD, 06-13-19) for almost 6 months, the cancerous tumor in Plaintiff's intestine was allowed to grow to 8cm. [approx. baseball-sized] and become an **"advanced** ileocolic neoplasm" with metastatic spread to the lymph nodes, thus requiring the need for chemotherapy in addition to **emergency surgery** to remove the cancerous mass.

But for FCI Englewood medical staff's 1/2 year delay of a timely cancer diagnosis, the cancer would not have become so "advanced" and would not have been allowed to spread to the lymphatic system, which would have negated the need for chemotherapy. - Where Plaintiff's health symptoms were so obvious that even a lay person would have easily recognized the necessity for a doctor's attention, BOP staff were clearly "deliberately indifferent" to Plaintiff's health care.

__Action for Money Damages in Sum Certain for Personal Injury__

## CONCLUSION

Where Plaintiff's need for chemotherapy (and also the resulting neuropathy) were directly caused by FCI Englewood medical staff's failure to timely diagnose his health issues, Plaintiff seeks money damages from the United States/Federal Bureau of Prisons.

As stated previously, where Plaintiff is currently unable to seek professional outside medical advise, Plaintiff can only estimate a "sum certain" cost for medical damages and need for future medical treatment related to the allowed spread of cancer. As such, Plaintiff reasonably believes that damages should be granted in the amount of $1,000,000.00.

Wherefore, Plaintiff claims, in "sum certain," that he should be awarded one million dollars ($1,000,000.00) to cover the damages and costs of future medical treatment related to the metastasized cancer, of which, resulted from the negligence and deliberate indifference of BOP officials, and which treatment was delayed for almost 1/2 a year by FCI Englewood medical staff.

Respectfully submitted,

06-11-21
Date

Tracy A. Barnett
Plaintiff / pro se

-3-

# Certificate of Service

I hereby certify that on this _11th_ day of _June_, 20_21_, a true and accurate copy of the foregoing was mailed, first class postage pre-paid, addressed as follows:

**FROM/BY**
Tracy A. Barnett
#08201-030
Tracy A Barnett
#08201-030
Butner Federal Medical Center
P.O. Box 1600 / Floor 4B
Butner, NC 27509

**TO**

7019 1640 0000 8321 3270

United States District Court
for the District of Colorado
Clerk of the Court
901 19th Street, Rm. A105
Denver, CO. 80294-3589

7019 1640 0000 8321 3263

U.S. Federal Bureau of Prisons
North Central Region
400 State Ave., Gateway Twr.
Tower II, 8th Floor
Kansas City, KS. 66101-2492

7019 1640 0000 8321 3256

FCI Englewood - Health Admin. Staff
•Mr. Hudson - Health Srvc. Admin.
•Mr. Lozano - Asst Hlth. Svc. Adm.
•Dr. Santini - Clinical Director
9595 W. Quincy Ave.
Littleton, CO. 80123

## DECLARATION
### Under Penalty of Perjury

The undersigned declares under penalty of perjury that he is the movant in the above action, that he has read the above pleading and that the information contained therein is true and correct. Pursuant to 28 U.S.C. § 1746; and 18 U.S.C. § 1621.

Executed at _FMC Butner_ ~~FCI Englewood~~ on _06-11-21_ .
(Date)

_____
(Movant's Original Signature)